**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| _____ : | Case No.   17-00683 |
| In Re: : | Chapter 13 |
| : |  |
|    James V. McLaughlin, : | Hearing Date:   April 20, 2018 |
| : | Date of Plan:    April 19, 2018 |
| Last 4 digits of Soc. Sec. No.   4609  , : |  |
| : | **Deadline for Filing Objections to Plan and Mailing** |
|                    Debtor(s). : | **Copies to Trustee, the Debtor, and counsel for** |
| _____ : | **the Debtor: 21 Days After Date of Plan** |

**CHAPTER 13 PLAN & NOTICE OF DEADLINE TO OBJECT TO CONFIRMATION**

☐ Original Plan     ☒ Amended Plan     ☐ Modified Plan (modifying a confirmed plan)

**1.    GENERAL PLAN PROVISIONS.**

The term "Debtor" herein includes both Debtors if this is a joint case. The Debtor proposes the following Chapter 13 Plan (the "Plan") and makes the following declarations. **WARNING: In order to make this Plan effective, the Debtor must mark one and only one box in each Section A, B and C below.** The check marks in the boxes below will override any contrary provisions in the rest of the Plan. This Plan:

    A.    ☒ does not contain any nonstandard provisions. OR
         ☐ does contain nonstandard provisions. They are stated in Section 10 below.

    B.    ☒ does not limit the amount of a secured claim. OR
         ☐ does limit the amount of a secured claim based on the value of the collateral securing the claim as stated in Section 6(A) or 6(B) below. Any such attempt to limit the amount of a secured claim will be pursued by way of a Motion or Objection to Claim as noted in Section 6.

    C.    ☒ does not avoid a security interest or lien. OR
         ☐ does avoid a security interest or lien as stated in Section 6(A) or 6(B) below. Any such avoidance will be pursued by way of a Motion as noted in Section 6.

**2.    NOTICES.**

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

    A.    **Notice to Creditors**.

**Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated.** S*ection 1 above may identify Sections that may be of particular importance*.

**If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file an objection to confirmation of the plan within 21 days after the date of the plan, with a certificate of service reflecting mailing of the objection to the Chapter 13 Trustee, the Debtor, and the attorney for the Debtor.**

The Court may confirm this Plan without further notice if no objection to confirmation is filed. **You may need to file a timely proof of claim in order to be paid under the Plan.**

    B.    **Notice to Debtor**.

This form lists options that may be appropriate in some cases, but not all cases. Just because an option is listed on the form does not mean that it is appropriate for you as the Debtor. Plans contrary to the local rules and Court rulings may not be confirmed.

**3.    PLAN TERMS**.

**Regular payments:**

The Debtor's future earnings are submitted to the supervision and control of the Chapter 13
Trustee, and the Debtor will pay as follows (mark and complete <u>one</u> of A or B below).

☐    A.    $ _____ per month for a term of _____ months.  OR

☒    B.    $ __$545.00__ per month for __4__ month(s),
              $ __$660.00__ per month for __56__ month(s), and
              $ _____ per month for _____ month(s), for a total term of _60_ months.

The Debtor must make monthly payments commencing no later than 30 days after the petition date. The Debtor will make payments as follows. (Check **all of the following** that apply.)

☒  The Debtor will make payments pursuant to a payroll deduction order. **The Debtor is responsible to make payments to the Trustee until any payroll deduction order is in effect.**

☐  The Debtor will make payments directly to the Trustee.

☐  Other _____

**Income Tax Returns and Refunds:**

Unless otherwise directed by the Chapter 13 Trustee, the Debtor will supply to the Chapter 13 Trustee a copy of each income tax return that the Debtor files during the Plan term within 14 days of filing the return.

The Debtor will treat income tax refunds as follows:

☒  The Debtor will retain any income tax refunds received during the Plan term.

☐ The Debtor will turn over to the Trustee all tax refunds received during the Plan term, not later than 30 days after receipt.

**Additional Payments:**

☒ None.  ☐ The Debtor will make additional payments to the Trustee from other sources specified below.  (Describe the source, estimated amount and date of each anticipated payment.)

_____
_____

**4.     TREATMENT OF CLAIMS.**

**Effect, on Debtor's Right to a Discharge, of Non-Payment of a Claim That the Plan Provides Will be Paid Directly.** The Debtor will not be denied a discharge based on non-payment of a claim (or portion thereof) that the Plan provides is to be paid directly by the Debtor but the claim (or portion thereof) that was to be paid directly will not be discharged.

**Trustee Commission, Domestic Support Obligations, and Administrative Claims:** From the payments made to the Chapter 13 Trustee, the Trustee shall be paid the allowed fee under 11 U.S.C.
§ 1326(b)(2) and will make distributions in the order listed pursuant to Local Rule 3015-5 unless otherwise ordered by the Court.  Any deviation from the order of distribution must be set forth in Section 10, Non-Standard Provisions.   Allowed claims entitled to priority under 11 U.S.C.
§ 507(a)(1) and (2) will be paid in full unless a nonstandard provision provides otherwise.[1]  Their order of payment is governed by Local Rule 3015-5.  Any interest required to be paid on administrative claims for taxes shall be governed by 11 U.S.C. § 511.

   **A.     Claims Entitled to Priority Under 11 U.S.C. § 507(a)(3) – (10).**

The following are the anticipated priority claims listed in 11 U.S.C. § 507(a)(3) – (10) in this

   case: <u>Priority Creditor</u>          <u>Expected Claim Amount</u>

   (Check one box.)

☐ All allowed claims entitled to priority under 11 U.S.C. § 507(a)(3) – (10) will be paid in full unless a non-standard provision in Section 10 provides otherwise.

☐ Unless a non-standard provision in Section 10 provides otherwise, allowed claims entitled to priority under 11 U.S.C. § 507(a)(3) – (10), other than § 507(a)(8), will be paid in full, with post-confirmation interest of ____% per annum.  Unless a non-standard provision in Section 10 provides otherwise, all allowed claims entitled to priority under 11 U.S.C. § 507(a)(8) will be paid in full, with post-confirmation interest at the rate of interest under applicable nonbankruptcy law determined as of the calendar month in which the Plan is confirmed.[2]

   **B.     Secured Claims.**

– 3 –

i. **General Provision:** Unless a lien (or right of setoff) is avoided, the holder of a claim secured by such lien (or right of setoff) will retain its lien (or right of setoff) as to such secured claim notwithstanding 11 U.S.C. § 1327(c).

ii. **Adequate Protection Payments for Claims Secured by or Subject to a Lease of Personal Property:** Beginning not later than 30 days after the petition date and until the Plan is confirmed, the Debtor will directly make payments required under 11 U.S.C.
§ 1326 for claims listed below that are secured by or subject to a lease of personal property. After confirmation of the Plan, the claims will be paid under Section 4(B)(iv). The Debtor must make sure to list the amount of the monthly payment the Debtor will pay before confirmation, and list the last 4 digits only of the account number, if any, the lienholder uses to identify the claim:

☒ *None.* OR
☐ *Claims Listed Below*:

| Lessor/Lienholder | Property/Collateral | Pre-Confirmation Acct. No (last 4 digits) | Monthly Payment |
|---|---|---|---|

iii. **Cure of Default and Maintenance of Payments on Claims Secured by the Debtor's Principal Residence.** Arrears on such claims that were owed as of the petition date will be paid through the Plan in equal monthly amounts. The Debtor will directly pay outside of the plan payments that come due after filing of the petition beginning with the first payment due after filing the petition. **The portion of the claim to be paid directly by the Debtor outside the Plan will be governed by Section 4(B)(viii) below**.

☐ *None*. OR
☒ *Claims Listed Below*:

| Lienholder | Collateral | Estimated Prepetition Arrears | Estimated Monthly Cure Payment | No. of. Months |
|---|---|---|---|---|
| Wells Fargo | 1345 Shepherd St. NW | $27,995.71 | $560.00 | 50 |
| Selene | 1345 Shepherd St. NW | $3,410.83 | $68.00 | 50 |

iv. **Cure of Default and Maintenance of Payments on Allowed Claims Secured by Property OTHER THAN the Debtor's Principal Residence.** Arrears on such claims that were owed as of the petition date will be paid through the Plan in equal monthly amounts. The Debtor will directly pay outside of the plan payments that come due after filing of the petition beginning with the first payment due after filing the petition. **The portion of the claim to be paid directly by the Debtor outside the Plan will be governed by Section 4(B)(viii) below**.

☒ *None.* OR ☐ *Claims Listed Below*

| Lienholder | Estimated Prepetition Collateral | Estimated Monthly Cure Arrears | No. of Payment | Months |
|---|---|---|---|---|

    **v.**    **Allowed claims described in the final paragraph of § 1325(a) of the Bankruptcy Code[3] will treated as follows.**

☒ *None*. OR
☐ *Claims Listed Below* will receive the full amount of the allowed secured claim (including any allowed pre-confirmation interest owed under nonbankruptcy law) plus post-confirmation interest on the allowed secured claim as indicated below in equal monthly amounts.  The Debtor's estimate of the allowed secured claim (and estimate of the required monthly payments) shall not be controlling.  A proof of claim must be filed for the claim to receive that treatment and an untimely proof of claim may be disallowed:

| Lienholder | Collateral | Estimated Allowed Secured Claim | Post-Confirmation Interest Rate | Estimated Monthly Payment | No. of Months |
|---|---|---|---|---|---|
| | | | % per annum | | |

    **vi.**    **Other Allowed Secured Claims to be Paid in Full through the Plan.**  Such claims will be paid through the Plan in equal monthly amounts.    A proof of claim must be filed for the claim to receive that treatment and an untimely proof of claim may be disallowed.  The Debtor's estimate of the amount of the claim (and estimate of the required monthly payments) shall not be controlling.  The Debtor must make sure to list the post-confirmation interest rate to be paid:

☒ *None*. OR
☐ *Claims Listed Below*:

| Lienholder | Estimated Collateral | Post-Confirmation Amount | Estimated Monthly Interest Rate | Payment | No. of Months |
|---|---|---|---|---|---|
| | | | % per annum | | |

Allowed secured claims for taxes shall be paid post-confirmation interest at the rate of interest under applicable nonbankruptcy law determined as of the calendar month in which the plan is confirmed

    **vii.**    **Surrendered Collateral.**  The Debtor will surrender the collateral listed below to the respective lienholder as listed below.  To surrender collateral only means that the lienholder will be entitled to exercise its lien rights against the collateral under nonbankruptcy law.  Any allowed unsecured claim of the lienholder will be treated as specified in Section 4(C), below.  Unless the Court orders otherwise, the lienholder may amend a timely filed proof of claim to assert a claim for an unsecured deficiency claim remaining after enforcement of its lien as follows: (a) an amended proof of

claim asserting an unsecured deficiency claim for a claim for which the collateral was **real property** shall be filed within _____ days (no less than 180 days after entry of the confirmation order); (b) an amended proof of claim asserting an unsecured deficiency claim for a claim for which the collateral was **personal property** (that is, anything other than real estate) shall be filed within _____ days (no less than 60 days after entry of the confirmation order). Upon Plan confirmation, the automatic stay and co-debtor stay of 11 U.S.C. §§ 362(a) and 1301 terminate, if not terminated earlier, as to enforcement of the lienholder's lien against the collateral listed:

☒ *None*. OR
☐ *Claims Listed Below*:

Lienholder                    Collateral

    viii.    **Secured Claims That Are to be Paid Outside of the Plan.** Check any applicable boxes:

☒ *None*.
☐ *Claims Listed Below.* The Debtor will pay directly outside of the Plan all secured claims that are listed below, including any unsecured portion of such claims. Any such claim will not be discharged and the holder of the claim shall retain its lien (or right of setoff) after completion of the Plan and entry of any discharge.

Lienholder                    Collateral

☐ *Claims Listed Below.* The Debtor will pay directly outside of the plan all secured claims that are listed below, but any unsecured portion of such a claim will be discharged upon the receipt of a discharge unless excepted from discharge under 11 U.S.C. § 1328 or some other statutory provision. The holder of the claim shall retain its lien (or right of setoff) after completion of the plan and entry of any discharge.

Lienholder                    Collateral

**ix.    Trustee's Adjustment of Payments**. If the Trustee is holding more funds than those needed to make the payments under the Plan for any month, the Trustee may pay amounts larger than those listed in Sections 4(B)(iii), 4(B)(iv), and 4(B)(vi) pro rata.

    C.    **Unsecured Claims Not Entitled to Priority.**

Such claims (except those that are to be paid directly by the Debtor pursuant to another provision of this Plan) will be paid by the Trustee as follows (mark <u>one</u> box only):

☒Pro Rata          ☐ 100%          ☐100% Plus ____% Post-Confirmation Interest[4]
If there is more than one class of unsecured claims, list each class and how it is to be treated:

Class of Unsecured Claims                    Treatment

– 6 –

**5.    RETENTION OF LIENS.**

Holders of allowed secured claims provided for by the Plan under Section 4 shall retain their liens until the earliest of when:

(a) the underlying debt, determined under nonbankruptcy law, is paid; (b) the Debtor is granted a discharge pursuant to 11 U.S.C. § 1328; or (c) the Trustee files a notice of Plan completion.

If the case is dismissed or converted without completion of the Plan, liens shall be retained by the holders to the extent recognized under applicable nonbankruptcy law.

**6.    DETERMINATION OF AN ALLOWED SECURED CLAIM UNDER 11 U.S.C. § 506 AND AVOIDANCE OF LIENS 11 U.S.C. § 522(f)**

The Debtor must make sure to list (1) the Debtor's estimate of the value of the collateral for a secured claim that will be paid through the Plan plus (2) any post-confirmation interest to be paid. A proof of claim must be filed before the Trustee makes payments on the secured claim and an untimely proof of claim may be disallowed. Any undersecured portion of such a claim shall be treated as unsecured.

    **A.    Avoid a Lien (or Portion Thereof) Based on Valuation Under 11 U.S.C. § 506 by Separate Motion or Objection to Claim**.

☒ *None*. OR

☐ *Claims Listed Below* will receive full payment of the value of the collateral, with the specified post-confirmation interest, based on a value set by the Court pursuant to a separate motion, objection to claim, or adversary proceeding. The Debtor's estimate of value (and estimate of the required monthly payments) shall not be controlling:[5]

| Lienholder | Collateral | Estimated Value | Post-Confirmation Interest Rate % per annum | Estimated Monthly Payment | No. of Months |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

    **B.    Value a Claim or Avoid a Lien (That Impairs an Exemption) Under 11 U.S.C. § 522(f)[6] by Separate Motion or an Adversary Proceeding.**

☒ *None*. OR

☐ *Claims Listed Below* will receive the following treatment based on a determination of the extent to which the lien may be avoided under 11 U.S.C. § 522(f), a determination to be made by the Court pursuant to a separate motion or adversary proceeding. The Debtor's estimate of the allowed secured claim (and estimate of required monthly payments) shall not be controlling:[7]

| Lienholder | Collateral | Allowed Secured Claim | Post-Confirmation Interest Rate % per annum | Estimated Monthly Payment | No. of Months |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

– 7 –

7. **APPLICATION OF PAYMENTS ON ACCOUNT OF SECURED CLAIMS.**

Payments made by the Chapter 13 Trustee on account of arrearages on prepetition secured claims may be applied only to the portion of the claim pertaining to prepetition arrears, so that upon completion of all payments under the Plan, the loan will be deemed current through the petition date.

8. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**

**Rejection of Executory Contracts and Unexpired Leases.**  The following executory contracts and unexpired leases are rejected (**check one box, but only one box**):

☒ None. OR
☐ All executory contracts and unexpired leases are rejected. OR
☐ The executory contracts and unexpired leases listed below are rejected:

| Lessor or | Subject of |
| --- | --- |
| Contract Holder | Lease or Contract |

Any claim for rejection damages pursuant to a rejection effected by this Plan must be filed within 60 days from entry of the order confirming this Plan.

**Preservation of Certain Leases and Executory Contracts.**
The following unexpired leases of residential real property and executory contracts (1) are neither assumed nor rejected by the Plan, (2) shall be unaffected by the bankruptcy case, and (3) the obligations thereunder shall not be discharged.[8]

| Lessor or | Subject of |
| --- | --- |
| Contract Holder[9] | Lease or Contract |

**Assumption of Executory Contracts and Unexpired Leases**. If the Debtor wishes to assume an executory contract or unexpired lease, that must be addressed under Section 10 of the Plan.

**Treatment of Assumed Unexpired Leases and Executory Contracts.**  If an unexpired lease or an executory contract is assumed pursuant to Section 10, and unless Section 10 provides otherwise: (1) any prepetition arrears will be treated as an administrative claim, and the other party to the executory contract and/or unexpired lease may file a timely proof of claim for the amounts owed as of the petition date, and (2) any amounts coming due postpetition shall be paid by the Debtor directly and will not be discharged.

9. **REVESTING PROPERTY OF THE ESTATE.**

Title to the Debtor's property shall revest in the Debtor when:

    (a) the Debtor is granted a discharge pursuant to 11 U.S.C. § 1328;
    (b) the Trustee files a notice of Plan completion if by reason of 11 U.S.C. § 1328(f) the Debtor cannot receive a discharge; or
    (c) the case is dismissed.

Case 17-00683-ELG    Doc 33    Filed 04/19/18    Entered 04/19/18 13:49:09    Desc Main
                   Document      Page 9 of 9

**10.   NON-STANDARD PROVISIONS.**

**Any non-standard provision placed elsewhere in the Plan is void.** Any and all non-standard provisions are:

☒ *None*. OR
☐ *Claims Listed Below*

Non-Standard Plan Provisions

**11.   SIGNATURES.**

The Debtor's signature below certifies that the Plan provisions above are all the terms proposed by the Debtor, and the Debtor has read all the terms. The signature below of the Debtor and Debtor's Counsel, if any, also certifies that the Plan contains no non-standard provision other than those stated in Section 10 above.

Date: 4/19/2018                                /s/ James V. McLaughlin
                                               Debtor

  /s/ Michael R. Murphey
Attorney for Debtor(s)                         Joint Debtor

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing plan was mailed to the parties listed below and to all creditors as listed on the mailing matrix in this case on the date of the plan, April 19, 2018.

Nancy Spencer Grigsby, Chapter 13 Trustee, 185 Admiral Cochrane Drive #240, Annapolis, MD 21401, IRS Centralized Insolvency, POB 7346, Philadelphia, PA 19101-7346 & IRS Chief Counsel, 455 Massachusetts Ave. NW, #500, WDC 20001
DC Tax & Revenue, 1101 4th St. SW, 6th FL, WDC 20024 & Attorney General for DC, 441 4th St. NW, WDC 20001-2714
US Attorney, DC Civil Division Financial Litigation, 555 4th St. NW, WDC 20530
Child Support Services Division, Office of Attorney General, 441 4th St. NW, 5th FL, WDC 20001

                                               /s/ Michael R. Murphey
                                               Michael R. Murphey