The order below is hereby signed.

Signed: February 23 2020



_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>JAMES V. MCLAUGHLIN<br>　　　Debtor | Chapter 13<br>Case No. 17-00683-SMT |
| WELLS FARGO BANK, N.A.<br>　　　Movant<br><br>　v.<br><br>JAMES V. MCLAUGHLIN<br>　　　(Debtor)<br><br>REBECCA A. HERR<br>　　　(Trustee)<br>　　　Respondents | *Ref. Docket* #47 |

### **CONSENT ORDER MODIFYING AUTOMATIC STAY**

Upon consideration of the Motion for Relief from Automatic Stay ("Motion") filed by Wells Fargo Bank, N.A. ("Wells Fargo"), and good cause having been shown; and

WHEREAS, on or about October 7, 2005, the Debtor and executed and delivered to Wells Fargo Bank, N.A. an EquityLine Account Agreement and Disclosure Statement (the

"Note") in the amount of FORTY-NINE THOUSAND DOLLARS AND NO CENTS ($49,000.00), plus interest at the adjustable rate of 9.900% per annum to be paid over thirty (30) years; and

WHEREAS, to secure the repayment of the sums due under the Note, the Debtor executed and delivered to Wells Fargo Bank, N.A. a Deed of Trust dated October 7, 2005 encumbering the real property ("Property") described as:

Lot Numbered Forty (40) in Allard and Appleby's Subdivision of Lots in Block numbered Four (4), "North Columbia Heights" as per plat Recorded in Liber 45 at folio 184 in the office of the Surveyor for the District of Columbia.

Square 2823, Lot 40

which has the address of 1345 Shepherd St NW, Washington, DC 20011; and

WHEREAS, the Debtor has failed to make one (1) post-petition payment in the amount of $451.45 for the month of October 20, 2019, one (1) post-petition payment in the amount of $495.06 for the month of November 20, 2019, one (1) post-petition payment in the amount of $444.29 for the month of December 20, 2019, one (1) post-petition payment in the amount of $468.94 for the month of January 20, 2020, and is in default post-petition for $1,859.74; and

WHEREAS, the parties desire to resolve this matter without the risks and costs of litigation,

It is by the United States Bankruptcy Court for the District of Columbia,

ORDERED, that the automatic stay is modified as follows:

(a)   The Debtor shall cure the Arrearage of $1,859.74 by making the following payments inclusive of the fees and costs ("Arrearage Payment"):

| | |
|---|---|
| March 6, 2020 | $309.96 |
| April 6, 2020 | $309.96 |
| May 6, 2020 | $309.96 |
| June 6, 2020 | $309.96 |
| July 6, 2020 | $309.96 |

                August 6, 2020                $309.94; and

(b)    In addition to curing the Arrearage, the Debtor shall resume making regular monthly payments as due under the Note beginning on February 20, 2020 and continuing on the same day of each and every month thereafter until the Note is paid in full; and

(c)    All payments must be sent directly to: Wells Fargo Home Equity, P.O. Box 14529, Des Moines, IA 50306-3529; and it is further

ORDERED, that in the event that the Debtor or Wells Fargo discovers proof of payments not yet credited, the payment will be credited to the mortgage account and the aforementioned post-petition arrearage will be reduced accordingly; and it is further

ORDERED, that if any of the payments described herein are not timely made, then Wells Fargo shall electronically file and serve a Notice of Default to Debtor, Debtor's counsel and the Trustee. The Notice of Default shall contain the full amount needed to cure the default including any attorneys' fees associated with filing the Notice of Default. The Debtor shall have fifteen (15) days ("Cure Period") from the date the Notice of Default is served to cure the default along with any payment that has become due subsequent to the Notice of Default. If the default is not cured within the cure period, Wells Fargo shall electronically file and serve a Notice of Intent to Foreclose on Debtor, Debtor's counsel and the Trustee wherein the automatic stay shall terminate without further order of the Court and Wells Fargo, its successors or assigns, shall be authorized to immediately exercise it legal rights under applicable law as to the Property. Furthermore, the Debtor may have two (2) cure periods every twelve (12) months. Should the Debtor default a third time within a twelve-month period, Wells Fargo shall electronically file and serve a Notice Intent to Foreclose on Debtor, Debtor's counsel and the Trustee wherein the

automatic stay shall terminate without further order of the Court and Wells Fargo, its successors or assigns, shall be entitled to exercise its legal rights under applicable law as to the Property. Should Debtor dispute the Notice of Default and file a response within the fifteen (15) day cure period that states with particularity the basis for disputing the Notice of Default, then the dispute shall be set for hearing and the automatic stay shall remain in effect pending a hearing on the Notice of Default; and it is further

ORDERED, that in the event that the automatic stay is terminated, the Chapter 13 Trustee shall be relieved of any and all obligation to cure the Proof of Claim arrearage due to Wells Fargo, its successors or assigns; and it is further

ORDERED, that to the extent this case is dismissed, discharged or closed and payments on the Note are not contractually current, Wells Fargo, its successors or assigns may exercise its legal rights under applicable law with respect to the Property.

SEEN AND AGREED:

| | |
|---|---|
| /s/ Craig B. Rule | /s/ Michael R. Murphey |
| Craig B. Rule, Bar #1032659 | Michael R. Murphey |
| Orlans PC | 1320 19th St. N.W. |
| PO Box 5041 | Suite 202 |
| Troy, MI 48007 | Washington, DC 20036 |
| (248) 502-1400 | (202) 659-8611 |
| crule@orlans.com | murpheyusa@aol.com |
| *Attorneys for the Movant* | *Attorney for the Debtor* |
| | Re: Case No. 17-00683-SMT |

# **CERTIFICATION**

      I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and the signatures represented by the /s/ on this copy reference the signatures of consenting parties on the original consent order.

                                                        /s/ Craig B. Rule
                                                        Craig B. Rule, Esquire

Copies to:

Craig B. Rule
Orlans PC
PO Box 5041
Troy, MI 48007
*Attorneys for the Movant*

James V. McLaughlin
1345 Shepherd Street NW
Washington, DC 20011
*Debtor*

Michael R. Murphey
1320 19th Street NW
Suite 202
Washington, DC 20036
*Attorney for the Debtor*

Rebecca A. Herr
185 Admiral Cochrane Drive
Suite 240
Annapolis, MD 21401
*Chapter 13 Trustee*

**END OF ORDER**